Sawtelle vs. Witham and others.

SAWTELLE, Respondent, vs. WITHAM and others, Respondents, and REXFORD, Trustee, Appellant.

*November 5 — November 24, 1896.*

*Wills: Bequest to public charity: Uncertainty: Personal trust: Costs.*

1. It is no objection to the validity of a bequest for a public charity that its beneficiaries are uncertain, some uncertainty as to beneficiaries being essential to such a bequest.

2. A bequest to executors of a certain sum to be used and applied by them for the benefit of such indigent orphans in Rock county "as in the judgment of my said executors may be most needy and deserving," is not defeated by the refusal of the executors to accept the trust, but may be executed by a trustee appointed by the court.

3. The plaintiff in an action to construe a will, who has no interest in the controversy, is not entitled to costs.
   WINSLOW and PINNEY, JJ., dissent.

APPEAL from a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

The action is for the construction of a provision of the will of Ward Witham, late of the city of Janesville, deceased.

The paragraph of which construction is asked is as follows: "Fifth. I give, devise, and bequeath to my executors the sum of five thousand dollars, in trust, nevertheless, for the following uses and purposes: Said sum is by my said executors to be invested in some good interest-bearing securities, and the net yearly income thereof shall be used and applied by my said executors to the support, maintenance, and education, or aiding in the support, maintenance, and education, of such indigent orphan children under the age of fourteen years, in the said county of Rock, and state of Wisconsin, as, in the judgment of my said executors, may be most needy and deserving. Said income of said five thousand dollars to be so used and applied as above until the year nineteen hundred, and then the said sum of five thousand dollars is to be given to such indigent orphan children in Rock county, Wisconsin, as my executors shall think most needy and deserving." By the will the testator appointed Mark Ripley and N. N. Jackman, of Rock county, to be the executors of his will. The executors named in the will have both resigned, both as executors and as trustees, without having entered upon the active execution of the trust created thereby, and the defendant, *Rexford,* has been appointed executor with the will annexed, and trustee under the will. The questions raised are (1) whether the will creates a valid trust, and (2) whether the trust can be executed by a trustee appointed by the court. The circuit court held (1) "that the fifth paragraph of said will is void for indefiniteness and uncertainty," and (2) "that the trust created by the fifth paragraph of said will cannot be executed by the defendant, *John G. Rexford,* he not having been named as executor in the said will." The trustee appeals.

For the appellant the cause was submitted on the brief of *Sutherland & Nolan.* They argued, among other things, that the trust created by the fifth paragraph of the will is good under subd. 5, sec. 2081, R. S., being fully expressed and clearly

defined by the terms of the will. The purpose was clearly a charitable one. There is certainty both as to the subject and the object of the bequest, and it is sufficiently definite and certain to be carried into execution. *Gould v. Taylor Orphan Asylum*, 46 Wis. 106; *Beardsley v. Bridgeport*, 53 Conn. 489; *Quinn v. Shields*, 62 Iowa, 129; 2 Story, Eq. Jur. § 1139; *Hesketh v. Murphy*, 36 N. J. Eq. 304; *De Camp v. Dobbins*, 29 id. 37; *Goodale v. Mooney*, 49 Am. Rep. 334; *Webster v. Morris*, 66 Wis. 366. There is in every public charity a necessary power of selection of beneficiaries in the trustee. If the power is abused the court may correct it. Perry, Trusts, §§ 687, 732; *Dodge v. Williams*, 46 Wis. 70; *In re Taylor Orphan Asylum*, 36 id. 534.

For the respondent *Sawtelle* there was a brief by *John Nichols.*

*Edwin F. Carpenter*, for the respondents *Witham* and others.

NEWMAN, J.   1. Is the fifth paragraph of the will too indefinite and uncertain in its provisions as to who are to be its beneficiaries to create a valid trust for charitable uses? One of the essentials of a good bequest for a public charity is that there shall be some uncertainty as to who shall be its beneficiaries; for it is said that, if a gift is made for a public charitable purpose, "it is immaterial that the trustee is uncertain, or incapable of taking, or that the objects of the charity are uncertain. Indeed, it is said that the vagueness, is in some respects, essential to a good gift for a public charity; and that the public charity begins where uncertainty in the recipient begins." "Courts look with favor upon all such donations, and endeavor to carry them into effect, if it can be done consistently with the rules of law." "Charitable bequests are said to come within that department of human affairs where the maxim, *Ut res magis valeat, quam pereat*, has been and should be applied." Perry,

Trusts, § 687; *Dodge v. Williams*, 46 Wis. 70; *Gould v. Taylor Orphan Asylum*, 46 Wis. 106. So it is no objection to the validity of this bequest that its beneficiaries are uncertain. Perry, Trusts, §§ 731, 732. The necessary power of the selection of the beneficiaries resides in the trustees. And it is the duty of the court to uphold this bequest, if it can be done consistently with the rules of law. The scheme of the charity is definite and clear. It is only the beneficiaries who are uncertain. It must be considered to be a valid charitable bequest.

2. Can the trust be executed by a trustee appointed by the court in the place of those named in the will? The will is to be so construed as, if possible, to carry out the charitable purpose of the testator. There is nothing in the will to indicate that the testator intended the charity to fail in case the executors whom he named declined to act. The gift is absolute, and its appropriation to the charity proposed is specific, and the general scheme plain and clear. There is nothing in the nature of the bequest or its object, and no such inherent difficulty in the execution of the scheme, as to suggest that the testator intended the charity to fail if the executors failed to act. Such an interpretation of the will is contrary to the spirit of the maxim, *Ut res magis valeat, quam pereat*. No doubt the court should, if necessary, act upon a liberal principle of construction in order to uphold the bequest. Cases cited above. This will creates a mixed trust and power. The power joined with the trust, in such a case, is imperative, and must be exercised. A trust to distribute the trust funds according to the discretion of the trustees is an imperative trust and power, and must be executed. If the trustees neglect or refuse to execute such trust and power, or die without performing them, courts of equity will execute them, or compel them to be executed. Perry, Trusts, §§ 20, 473; *Osborne v. Gordon*, 86 Wis. 92. Whether, then, this trust and power

was to be executed was not within the discretion of the trustees. Its performance was imperative upon them. It is the duty of courts of equity to see to it that it is performed. For that purpose a new trustee may be appointed with the same powers as those named in the will. There is nothing in the will to indicate that the trustees named in the will were selected on account of any special confidence or fitness for the matter of this trust. The predominant purpose evidently was to establish the charity proposed. Independently of the statute, a court of equity would appoint a new trustee to carry the trust into effect. Under the statute (sec. 2098, R. S.), authority ample, if needed, is given. That act provides that "whenever any trustee appointed by the party creating the trust, shall decline to act as such, the circuit court may appoint a new trustee in his place, and vest in such new trustee all the powers and all the title to the property, within the jurisdiction of such court, which would have been possessed by, or vested in the original trustee, if he had accepted the trust." The words of the statute are plain and not open to construction. They must be given effect according to their obvious meaning. The words are general, and were intended to cover every case where a trustee appointed by the party who creates the trust declines to act. It includes this case. No doubt this statute is to be taken into consideration in the construction of this provision of the will. It should be deemed that the testator had this provision of the statute in mind when he executed the will, and for that reason made no provision in his will for the contingency which has actually happened of the failure of the trustees appointed by him to act. Statutes are often construed into contracts, and given force as a part of the contract. *Streubel v. M. & M. R. Co.* 12 Wis. 67–74; *Smith v. Cleveland*, 17 Wis. 556–568; *Reilly v. Franklin Ins. Co.* 43 Wis. 449–457; *Vreeland v. Waddell*, 93 Wis. 107. There seems to be no just reason why they should

not be given a similar effect in the construction of a will, especially where there is nothing in the will itself tending to show that such a construction would be contrary to the intention of the testator.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to construe the will in accordance with this opinion. The costs are to be paid out of the estate. The plaintiff has no interest in the controversy, and is not entitled to costs.

Winslow and Pinney, JJ., dissent.