(99 South. 102)

SPARKS et al. v. WOOLVERTON. (6 Div. 1.)

(Supreme Court of Alabama. Jan. 17, 1924. Rehearing Denied Feb. 6, 1924.)

1. Charities ⬤⟲21(4)—Gift to college for education of ministers' sons valid, if beneficiaries can be ascertained.

A testamentary gift of the residue to the trustees of a college, to be held by them as a fund for the education of the sons of Methodist ministers in the state, is valid, if beneficiaries can be ascertained with reasonable certainty.

2. Charities ⬤⟲21(4) — Trust sustained as against contention that beneficiaries so numerous as to render fund insufficient.

Provision of will giving residue to the trustees of a college for the education of the sons of Methodist ministers in the state held not void as against contention that it created a trust for the benefit of all the sons of Methodist ministers in the state, which would be of no benefit to any one because of the large number of the beneficiaries and the insufficiency of the trust fund to be of benefit to all; the intention of the testator being held to be that the fund should be used for the education of selected members of the general class to whom its benefits were limited.

3. Charities ⬤⟲4 — Insufficiency of fund for purpose designated may render gift void.

A testamentary trust, created for the benefit of so many beneficiaries that no one will benefit, because of the insufficiency of trust fund, is void.

4. Charities ⬤⟲31 — Irrational intention not adopted, where rational intention can be gathered from language.

The court, in construing a will creating a charitable trust, will not adopt a theory of an irrational intention, impossible of fulfillment, when a rational intention, easy of fulfillment and beneficial in results, can be gathered from the words of the testator.

5. Charities ⬤⟲21(2)—Trustees of fund created for education of a certain class held impliedly empowered to select beneficiaries.

Provision of will bequeathing residue to the trustees of named college, owned and controlled by the Methodist Church of the state, for the education of the sons of Methodist ministers within the state, held not void for uncertainty, as failing to provide for the selection of the beneficiaries, since the power to select the particular persons to be educated is impliedly given to the trustees.

6. Charities ⬤⟲33—Gift to trustees of institution is gift to institution.

A gift to the trustees of an institution is in law and in fact a gift to the institution itself.

7. Charities ⬤⟲4—Charitable trusts favored.

Charitable trusts are especially favored by courts of equity, and all reasonable intendments consistent with the terms and purposes of the gift will be made in support of their validity.

8. Charities ⬤⟲34—Circumstances stated under which trustees impliedly empowered to select beneficiaries.

Where a trust fund is limited, and the scope of the charity is broader than the fund, and the donor or founder does not provide a rule or order of selection, there is a necessary power of selection of beneficiaries in the trustees.

9. Wills ⬤⟲702—Bill for construction by next of kin held good as against general demurrer.

A bill by next of kin for the construction of doubtful or disputable provisions of a will, affecting the rights of the next of kin, is not subject to a general demurrer for want of equity.

10. Wills ⬤⟲706—Sustaining of general demurrer to bill for construction held harmless, in view of court's construction of will.

On bill by next of kin for construction of will, error of court in sustaining general demurrer to the bill for want of equity held harmless, where the object of the bill has been fully accomplished by the court's construction of the only provision of the will designated as doubtful; it being immaterial that such construction resulted from a ruling on demurrer, instead of on submission on bill and answer.

Appeal from Circuit Court, Jefferson County; Wm. M. Walker, Judge.

Bill in equity by Cora Sparks and another against William H. Woolverton, as executor of the will of Margaret T. Johnson, deceased. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

The bill of complaint is filed by Cora Sparks and Veattriss Johnson for a construction of the will of their aunt, Margaret T. Johnson, who was a resident of Birmingham. Complainants are among the next of kin of the testator, and the respondent, W. H. Woolverton, is the executor of the will. The will in question leaves a small legacy to each of the testator's nephews and nieces, and item 3 then provides:

"I hereby give, devise and bequeath all the rest and residue of my estate to the trustees of Birmingham College, of Birmingham, Ala-

bama, to be held by them as a fund for the education of the sons of Methodist ministers of Alabama and to be known as 'the Margaret T. Johnson endowment fund.'"

This fund is charged with payment of $25 a month to a sister of the testator during her life, which is not here material. The bill charges that there are—

"from 500 to 1,000 ministers of the Methodist denomination in Alabama, even if the white race alone is to be included, and that to ascertain the exact number of their children would be impracticable, except at great expense; that the residuum of the estate which is to become the designated trust is only in the neighborhood of $30,000, and that the income which is to be applied, if the trust is valid, cannot likely exceed $2,500 annually, so that the share of each child of each Methodist minister in the annual income would be negligible, even if it could be fully applied to the cost of their education without cost of administration."

It is further charged that:

"The language of the will is too uncertain to be carried out by trustees or to be enforced by the courts, and that on that account, as well as for other reasons, the said attempted denial and bequest of the residuum of the estate is void, and that the said residuum, after the payment of debts and charges against the estate, belongs of right and should be distributed among the heirs and next of kin of the decedent."

The prayer is that the court take jurisdiction of complainants' cause, "and construe the will of their said aunt, * * * and hold that the attempted devise and bequest of the residuum to trustees for said endowment fund, as aforesaid, is void and unenforceable for uncertainty of the beneficiaries thereof, and should be divided among the heirs" as in case of intestacy. There is also a general prayer for relief.

The respondent executor demurred to the bill as a whole, and also in its separate aspects for construction of the trust provision, and for division of the residuum among the heirs of the testator, on the grounds, substantially, that there is no equity therein, and that there is no uncertainty in the terms creating the trust in question.

The court sustained the demurrer as a whole, and complainants appeal.

Theo. J. Lamar, Henry Upson Sims, H. K. Long, and W. A. Weaver, all of Birmingham, for appellants.

The bill has equity, as one by heirs and next of kin to have the will construed. It was error to sustain demurrer to the bill as a whole. Kaplan v. Coleman, 180 Ala. 267, 60 South. 885; Dodge v. Williams, 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103. When a fund is created for a definite charitable use, for a class too large for the fund to be distributed equally among them, and no selection by trustees or others is expressly authorized

or clearly implied, the trust must fail as incompletely drawn. White v. Fisk, 22 Conn. 31; Beall v. Dram, 25 Ga. 430; Newsom v. Starke, 46 Ga. 88, Miller v. Atkinson, 63 N. C. 537; Dashiell v. Atty. Gen., 5 Har. & J. (Md.) 392, 9 Am. Dec. 572, and notes; Grimes' Ex'rs v. Harmon, 35 Ind. 198, 9 Am. Rep. 690; Heiss v. Murphey, 40 Wis. 276; Beekman v. Bonsor, 23 N. Y. 298, 80 Am. Dec. 269; 2 Perry on Trusts (4th Ed.) .732; Johns v. Birmingham Trust & Sav. Co., 205 Ala. 535, 88 South. 836; Crim v. Williamson, 180 Ala. 179, 60 South. 293; 11 Corpus Juris, 342; Kemmerer v. Kemmerer, 233 Ill. 327, 84 N. E. 260, 122 Am. St. Rep. 169; St. James Orphan Asylum v. Shelby, 60 Neb. 796, 84 N. W. 273, 83 Am. St. Rep. 553; White v. Fisk, 22 Conn. 31; Bullard v. Chandler, 149 Mass. 532, 21 N. E. 951, 5 L. R. A. 104; Liggett v. Abbott, 192 Iowa, 742, 185 N. W. 569: Coleman v. O'Leary's Ex'r, 114 Ky. 388, 70 S. W. 1068; Selleck v. Thompson, 28 R. I. 350, 67 Atl. 425; In re Dullis' Estate, 218 Pa. 162, 67 Atl. 49, 12 L. R. A. (N. S.) 1177; Howe v. Wilson, 91 Mo. 45, 3 S. W. 390, 60 Am. Rep. 226; Harrington v. Pier, 105 Wis. 485, 82 N. W. 345, 50 L. R. A. 307, 76 Am. St. Rep. 924; Sawtelle v. Witham, 94 Wis. 412, 69 N. W. 72. The trustees named take in their individual capacity. Inglis v. Sailors Snug Harbor, 3 Pet. 99, 7 L. Ed. 617; Fifield v. Van Wyck's Ex'r, 94 Va. 557, 27 S. E. 446, 64 Am. St. Rep. 756; Hasbrouck v. Knoblauch, 130 App. Div. 378, 114 N. Y. Supp. 949; Trustees v. Caldwell, 203 Ala. 590, 84 South. 846; Conklin v. Davis, 63 Conn. 377, 28 Atl. 540; Cottman v. Grace, 112 N. Y. 299, 19 N. E. 839, 3 L. R. A. 145; Sheets v. Hardin (Tenn. Ch. App.) 48 S. W. 267.

Davis & Locke, of Birmingham, for appellee.

The words used in the will were sufficiently definite to create a charitable trust. Williams v. Pearson, 38 Ala. 299; Woodroof v. Hundley, 147 Ala. 287, 39 South. 907; Carter v. Balfor's Adm'r, 19 Ala. 814; Mayor, etc., v. Smith, 137 Ala. 386, 35 South. 120; Crim v. Williamson, 180 Ala. 179, 60 South. 293.

SOMERVILLE, J. [1] There can be no question as to the validity of the testator's gift to the trustees of Birmingham College as a public charity, if under the terms of the trust its beneficiaries can be ascertained with reasonable certainty. Johns v. B'ham. Trust & Sav. Co., 205 Ala. 535, 88 South. 835; Alstork v. Curry, 207 Ala. 135, 91 South. 796; Woodroof v. Hundley, 147 Ala. 287, 39 South. 907; Williams v. Pearson, 38 Ala. 299; Dodge v. Williams, 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103; Hadley v. Forsee, 203 Mo. 418, 101 S. W. 59, 14 L. R. A. (N. S.) 49, note, 94, 123; Clayton v. Hallett, 30 Colo. 231, 70 Pac. 429, 59 L. R. A. 407, 97 Am. St. Rep. 117.

[2] Complainants' theory of invalidity may be briefly stated as follows: (1) If the gift was intended to be distributed among *all* the members of the designated class of beneficiaries, "the sons of Methodist ministers of Alabama," the income from the fund is too small, and the number of the beneficiaries is too great, to permit of any beneficial or even practicable administration of the trust, and hence, administration as intended by the donor being practically impossible, the trust must of necessity fail. (2) If the gift was intended to be applied to the education of only a limited and practical number of the sons of Methodist ministers, no authority was given to the trustees, nor to any one else, to select individuals from the designated class for the enjoyment of the benefits provided.

[3, 4] If the first alternative presented the only rational construction of the terms of the gift, we would be disposed to agree with the view of counsel that the trust must fail because its administration would be practically impossible, or, if possible, barren of benefit to any one. Such a trust the courts would not sustain. But we cannot adopt the theory of an irrational intention, impossible of fulfillment, and barren of good, when a rational intention, easy of fulfillment, and beneficial in results, can be gathered from the words of the donor. Unquestionably, we think, the donor of this fund intended that it should be used for the education of selected members of the general class to whom its benefits were limited.

[5] The donor did not expressly authorize the trustees to select any particular subjects for charitable favor, and the decisive question—the only question—presented is whether such an authority is clearly implied by the nature of the gift, the purpose the donor had in view, and the character and station of the trustees who are intrusted with the custody and administration of the fund.

[6] The gift here under consideration is for a clearly defined purpose—the education of the sons of Methodist ministers of Alabama. It is given to the "trustees of Birmingham College," an institution which, as we judicially know, is devoted to the higher education of men, and is owned and controlled by the Methodist Church of Alabama. A gift to the trustees of an institution is in law and in fact a gift to the institution itself. New York Institution for the Blind v. How's Ex'rs, 10 N. Y. 84. And when a gift is made to an educational institution, such as the Birmingham College, to be held as an "endowment fund," and to be used for the education of a specified class of men, the implication is clear, and indeed unavoidable, that the fund is to be used for the endowment of scholarships in the college itself, and thus, in that customary and methodical way, applied to the use declared by the donor. Dodge v. Williams, 46 Wis. 70, 98, 1 N. W. 92, 50 N. W. 1103. Necessarily, the administration of the fund for scholarship endowments must be, as to its details, subject to the regulation and control of the college authorities, and this would include the selection of the individuals to whom the scholarships should be given.

[7, 8] But, apart from the considerations above stated, it is a well-settled principle that charitable trusts are especially favored by courts of equity, and hence all reasonable intendments, consistent with the terms and purpose of the gift, will be made in support of their validity. Hence the rule, which is supported by reason as well as authority, that where the fund is limited, and the scope of the charity is broader than the fund, and the donor or founder does not provide a rule or order of selection, there is "in every public charity a necessary power of selection of beneficiaries in the trustees." Woodroof v. Hundley, 147 Ala. 287, 291, 292, 39 South. 907, 909, citing many authorities; Dodge v. Williams, 46 Wis. 70, 98, 1 N. W. 92, 50 N. W. 1103; Hesketh v. Murphy, 36 N. J. Eq. 304; Cooke v. Women's Medical College, 82 N. J. Eq. 179, 87 Atl. 131; Hunt v. Fowler, 121 Ill. 269, 276, 12 N. E. 331, 17 N. E. 491; Clayton v. Hallett, 30 Colo. 231, 70 Pac. 429, 59 L. R. A. 407, 97 Am. St. Rep. 117, 135. As stated in 11 Corp. Jur. 342, § 60:

"Even where neither the trustee nor any other person or corporation is expressly given the power of selection, the courts are very liberal, in construing the instrument creating the trust, in giving the trustee an implied power of selection."

Our opinion is that, even though the education provided for were not limited by implication to education at Birmingham College, the implied power of selection by the trustees would save the trust from the invalidating vice of uncertainty as to its beneficiaries. It results that the charitable trust in question is valid and must be sustained.

[9] It may be conceded that in a case of this sort the next of kin may maintain a bill for the construction of doubtful or disputable provisions of the will affecting their own rights as next of kin. Such a bill has equity and, in that aspect, is not subject to general demurrer for want of equity. Kaplan v. Coleman, 180 Ala. 267, 60 South. 885. Hence the technically correct course for the trial court to have pursued would have been to sustain those demurrers addressed to special aspects of the bill asserting the invalidity of the trust provision, and claiming the trust fund as distributees, and to have overruled the general demurrer to the bill as a whole.

[10] However, the object of the bill has been fully accomplished, and complainants have secured a construction of the only provision of the will designated as doubtful.

It is of no importance that this construction results from a ruling on demurrers instead of on submission on bill and answer. We will therefore not indulge in the vain ceremony of sending the cause back for resubmission, but will affirm the decree of the circuit court, with an equal division of the costs below and on appeal. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. Our holding that under the conditions here shown the gift in question was in legal effect a gift to Birmingham College is by no means rested upon the authority of New York Institution for the Blind v. How's Ex'rs, 10 N. Y. 84. On the contrary, that case was cited merely in confirmation of our view.

Counsel are in error in the assumption that the question was not involved in that case, for on no other possible theory could the institution have maintained the suit in its own corporate name for the recovery of the legacy given to the trustees (or managers) of the institution, and it was declared in the opinion (page 92) that:

"A bequest to the trustees of the institution was a bequest to the institution itself, * * * and it was none the less so because those having charge of it are called 'managers' in the charter."

The case of Hasbrouck v. Knoblauch, 130 App. Div. 378, 114 N. Y. Supp. 949, 954, cited as contra by counsel, has nothing whatever to do with the question; the point of decision being that the bequest was to the trustees of Rutgers College absolutely and not in trust. Incidentally, the opinion shows that the bequest, though nominally to the trustees, was in fact to the college; reference being made to "the disposition of the fund by the college." In Keith v. Bingham, 97 Mo. 196, 211, 10 S. W. 32, 37, a similar question was presented, and the court said:

"It is also insisted that, although the church had become a separate body when Moore executed his deed conveying the lot in dispute to 'the trustees of the First Baptist Church of Kansas City, Missouri,' said deed was ineffectual to vest the title of the lot in the corporation. In support of this contention, we have been cited to a line of cases which hold that, when a conveyance is made to certain named persons as trustees of a corporate body, the effect of such conveyance is to vest title in them as trustees, but that is not this case. Here the conveyance is made to the trustees, etc., without naming them, or any of them, and in such case the title vests in the corporation named in the deed, as is shown by the following cases: [Citing them.]"

Counsel cite, as opposed to this view, our own case of Trustees of Cumberland University v. Caldwell, 203 Ala. 590, 84 South. 846. In that case the subject of controversy was a testamentary gift in trust, and the court said:

"It results, necessarily, that in neither instance did this testatrix intend to constitute the entities, Milton College or Cumberland University, devisees under her will. She made the trustees of Milton College, and, in an event, the trustees of Cumberland University, the agency to carry out her purpose, and, according to her design, committed the application of the subject of her gift to the specific object clearly prescribed in her will, viz. the theological department permanently to be established at Milton College under the conditions she prescribed, and, failing which, that already established at Cumberland University."

The distinction between that case and this scarcely requires elucidation. There the terms of the trust, and the divergent uses of the fund, rebutted the ordinary intendment of a gift to the institution whose trustees were designated as administrators of the fund. And it must be always understood that, when a gift is made to the trustees of an institution, to be applied to a purpose and a service other than that administered by the institution itself, the ordinary intendment of a gift to the institution is thereby denied, and the trustees, as individuals, will take and administer the fund as agents of the donor.

Counsel are in error, also, in the assumption that the gifts dealt with in Dodge v. Williams, 46 Wis. 70, 1 N. W. 92, 50 N. W. 1103, were in terms gifts to the educational institutions themselves, for in each instance the gift was to the trustees of the institution, as an examination of the report of that case will show. That case was fully reviewed, with other Wisconsin cases, in Harrington v. Pier, 105 Wis. 485, 82 N. W. 345, 50 L. R. A. 307, 76 Am. St. Rep. 924, and was interpreted as holding that a public charity is "sufficiently definite as to immediate beneficiaries by the power of selection lodged expressly or *impliedly* in the trustee appointed by the donor." (Italics ours.) We find nothing in Harrington v. Pier, supra, or in Sawtelle v. Witham, 94 Wis. 412, 69 N. W. 72, in denial of the doctrine of implied power of selection by the trustee, as supposed by counsel. But, if there were, it would not influence our conclusion.

Unquestionably there are cases which take no account of the doctrine of an implied power of selection by the trustee in the administration of the gift in trust, but we think they are opposed to reason and the best judicial authorities, and therefore are not to be followed. In Woodroof v. Hundley, 147 Ala. 287, 291, 39 South. 907, 909, property was given to three trustees, to be applied "to the maintenance and education of young men preparing for the ministry of the Cumberland Presbyterian Church, or in

any other Protestant church; said young men to be selected by said trustees, or any two of them." Answering the contention that the power of selection thus given was a personal confidence in the trustees named, and that therefore the gift could not have been intended as a permanent charity, the court said, per Tyson, J.:

"The provision giving the trustees, or any two of them, power to select the young men preparing for the ministry of the Cumberland Presbyterian Church, or for the ministry of any Protestant church, as recipients of the charity, is a power which would, by the law and without respect to the special provision of the will, appertain to the office of trustee. The property is given to the trustees for the defined charitable trust of applying the income 'to the maintenance of young men preparing for the ministry' of the Cumberland Presbyterian Church, or any Protestant church. If all the trustees had died, the trust would not have failed. And the fact that the power of selection was expressly vested in the trustees is immaterial, as it would appertain by implication to the office, whether filled by appointees of the court or by selection of the testatrix."

This was in no sense obiter dictum, though it was perhaps not necessary to the decision of the question before the court. On the contrary, it was a deliberate and studied statement of the law, upon which was grounded the decision of the question actually presented. We are therefore justified in regarding it as an authoritative determination of the question. Moreover, we are convinced that it is correct, and for that reason ought to be followed.

We find no reason for changing our views and conclusions, as originally expressed, and the application for rehearing will be overruled.

Application overruled.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.