# Robinson *v.* LeGrand & Co.

*Insolvent Estate ;  Final Settlement of  Administrator's Accounts.*

1. *Construction of deed of gift; whether parties take by purchase or descent.*
Where lands were conveyed, by deed of gift, to the grantor's son, with these
words superadded, " but, should he die without a wife, or children, or child,
then said land shall pass according to the statutes of descent and distribution
of the State of Alabama now in force ;" and the grantee died, never having
married ; *held,* that his surviving brothers and sisters took by purchase under
the deed, and not by descent or inheritance from him.

APPEAL from the Probate Court of Lowndes.

In the matter of the insolvent estate of Munford D. Robinson, deceased, on final settlement of the accounts of the administrator, Eli T. Robinson.  The decedent died in August, or September, 1876, never having married, and leaving his surviving brothers and sister, Eli T. and J. W. Robinson and Mrs. Fanny Hunter, as his heirs at law.  At the time of his death, said decedent was in possession of a certain tract of land in said county, which he and said J. W. Robinson were cultivating jointly, and which was conveyed to them, by deed of gift, by their mother, Mrs. Martha O. Robinson, in June, 1873.  The material portions of this deed are copied in the opinion of the court.  LeGrand & Co., and other creditors, who had filed claims against the estate, sought to hold the administrator liable, on the settlement of his accounts, for the rent of these lands during the years 1876, 1877, 1878, and 1879, on the ground that they were assets of the estate, which the administrator had collected, or ought to have collected.  The value of the rents each year was agreed on ; and the only question being as to the construction of the deed, the court held that the decedent took an absolute estate in the lands, and charged the administrator with the rents.  This ruling and decision is the only matter now asssigned as error.

WATTS & SONS, for appellant, cited *Williamson v. Mason,* 23 Ala. 488 ; *Williams v. McConico,* 36 Ala. 22 ; *Denson v. Mitchell,* 26 Ala. 360 ; Code, § 2183.

GIRARD COOK, and W. R. HOUGHTON, *contra,* cited 4 Kent's Com., 9th ed., 7–9 ; *Couch v. Anderson,* 26 Ala. 676 ; *McCullough v. Gliddon,* 33 Ala. 208 ; *Rives v. Toulmin,* 19 Ala. 288 ;

*Sewall v. Henry*, 9 Ala. 30; *Collins v. Whigham*, 58 Ala. 438; *Habergam v. Vincent*, 2 Vesey, 203; Code, § 2252; *Price v. Price*, 5 Ala. 578; *Ewing v. Standifer*, 18 Ala. 400.

STONE, J.—The administrator was charged, against his objection and exception, with three years' rents of certain lands; and that is the sole question presented by the assignments of error. We pass over, as not raised by the facts, all consideration of the character and interest intestate would have taken under the deed, if he had married subsequent to its execution. He did not marry, and died, never having had a wife or descendant. The question is, do the next of kin, heirs at law of intestate, take by descent from him, or do they take as purchasers from their mother, the grantor? The decree of the Probate Court affirmed the former of these propositions.

The language of the deed is, "But should he (intestate) die without a wife, or children, or child, then it (the land) shall pass according to the statutes of descent and distribution of the State of Alabama now in force." The argument of appellee gives to these words no meaning or operation whatever; for, if they had been omitted, M. D. Robinson, the grantee, would have taken a fee, subject to be defeated if he subsequently married.—Code of 1876, § 2178. We think the last three words of the clause copied above are the key to the grantor's meaning. If the grantee died without wife or child, then the land was to pass, not according to the law of descents that may be then in force. That might be construed to intend inheritance or descent from the grantee so dying. The language is, "shall pass according to the statutes of descent now in force." It was competent for the legislature to change the statutes of descent. Suppose they had done so, between the making of the deed, and the death of the grantee. Would it, or could it be contended, that these lands would pass by descent under the new statute? Such claim would expunge from the deed the words "now in force." Will it be contended that, in that event, the lands would *descend* according to the statutes in force when the deed was made? That could not be, for, in the event supposed, that statute would have been repealed. The law can not cast the title, according to the terms of a statute which had ceased to exist before the happening of the event upon which its powers are invoked. Mrs. Robinson, having unlimited power of disposition, directed who should take, in the event which has happened. They were, and are, the persons who would fill the relation of next of kin—heirs at law—at the grantee's death, according to the principles of

the statute of descents in force when the deed was made, June 17th, 1873. The language of the deed may be paraphrased as follows, without changing its import: "Should he die without a wife or child, then the land shall pass to those persons who would take by descent under the statutes of Alabama, as they now exist." This is not descent from M. D. Robinson. If it were, he had the power, while in life, to defeat the inheritance altogether, or give a different direction to the succession. The deed confers no power of sale, except as a change of investment under the order and decree of the Chancery Court; in which event, the proceeds were to be invested in real or personal estate, to be held upon like uses, trusts, limitations, and restrictions. This raises a strong implication that the lands were not to be disposed of in any other form, or for any other use.

We hold, that the brothers and sister of intestate take as purchasers under the deed of Mrs. Robinson, and not by inheritance from M. D. Robinson.

Reversed and remanded.