# Festorazzi *et al.* v. St. Joseph's Catholic Church of Mobile *et al.*

*Bill in Equity for the Construction of a Will.*

1. *Construction of will; invalid trust.*—A bequest by a testator to a church of a certain sum of money to be used "in solemn masses for the repose of my soul," is invalid; and can not be enforced, either (1), as a direct bequest to the church for its general uses, or (2), as creating a charitable use, or (3), as creating a valid private trust. (BRICKELL, C. J., dissenting.)

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. W. H. TAYLOE.

The bill in this case was filed by the appellants, Sylvester Festorazzi and Amabile Muscat, as executors of the estate of Joseph Peter, deceased, and prayed to have the will of their testator construed, and to be directed as to how to distribute the estate. The children of Joseph Peter and the Roman Catholic Cathedral and the St. Joseph's Catholic Church of Mobile were made parties defendant. The second and third items of the will, as to the enforcement of which the present controversy arose, were as follows : "Second. I give and bequeath to the Roman Catholic Cathedral in the city of Mobile, the sum of three thousand dollars, the same to be used in solemn masses for the repose of my soul." "Third. I give and bequeath to the Roman Catholic Church of Saint Joseph in the city of Mobile, the sum of two thousand dollars, also to be used in solemn masses for the repose of my soul." The Catholic Cathedral made no answer to the bill, and a decree *pro confesso* was entered against it. The St. Joseph's Catholic Church answered the bill, and filed a cross-bill, setting up its claim to the legacy of two thousand dollars bequeathed to it by the will. To the cross-bill of the St. Joseph's Catholic Church

the executors demurred, on the ground that the said St. Joseph's Catholic Church of Mobile was not entitled to the relief prayed for in said cross-bill against the said executors, because it does not appear from said cross-bill that the complainant therein is entitled to the enforcement of said legacy under the laws of Alabama. This demurrer was overruled.

On the final submission of the cause, the chancellor decreed that the bequest made to the said St. Joseph's Catholic Church of Mobile was a legal and valid bequest, and directed that the executors pay the same out of the money in their hands belonging to their testator's estate. The executors appeal from this decree, and assign the same as error.

OVERALL & BESTOR, and FREDERICK G. BROMBERG, and HANNIS TAYLOR, for appellants.—1. The legacies to the churches are void, because they contain no element of a charitable use. The usee in the bequests being the soul of a deceased person, is not such a use or trust as any court can enforce, and is void in law.—*Nichols v. Allen*, 130 Mass. 211; *Carter v. Balfour*, 19 Ala. 829; *Williams v. Pearson*, 38 Ala. 307 ; 3 Jarmin on Wills, 379 and 490; *Russell v. Allen*, 107 U. S. 163 ; 2 Pomeroy Eq. Jur., 599; *Owen v. Missionary Society*, 14 N. Y. 380.; *Holland v. Alcock*, 108 N. Y. 312; *Attorney-General v. Fishmongers' Co.*, 2 Beavan, 166 ; *In re Blundell's Trusts*, 30 Beavan, 362 ; *West v. Shuttleworth*, 2 Mylne & Keene, 185.

2.   The bequest in this case to the St. Joseph's Catholic Church can not be upheld by any principle of law or equity. It does not create a private trust. Its provisions are not for the benefit of any individual in being. The provisions for a private trust must identify the individual to be benefitted, within a limited period, and can endure only for a life or lives in being and 21 years in addition.—1 Perry on Trusts, (3d Ed.), §§ 23, 160 ; 2 Jarman Wills, (R. & T. Ed.), 149 ; *Holland v. Alcock*, 108 N. Y. 312, 323, 328 ; *Tilden v. Green*, 130 N. Y. 45.

3.   This bequest can not be sustained under the statute of Charitable Uses. A charitable use recognized by the law must be confer some public benefit, open to an indefinite number of persons.— *Williams v. Pearson*, 38 Ala. 307 ; 3 Amer..& Eng. Encyc. of Law, pp. 126, 127,

[Festorazzi *et al.* v. St. Joseph's Catholic Church of Mobile *et al.*]

130 ; 2 Perry on Trusts, (3 Ed.) , §§ 683, 697, 710; *Russell v. Allen*, 107 U. S. 167.

4. When bequests to religious trusts are upheld, it is upon the principles that the donees are particularly designated, the trust clear, the general objects sufficiently indicated to bind the consciences of the trustees, and to render them liable in equity to account for the execution of their trust, by a suit to be instituted in the name of the State.—*Going v. Emery*, 16 Pick. 107, 119; *Jackson v. Phillips*, 14 Allen. 555.

GAYLORD B. and F. B. CLARK, Jr., *contra*.—In America, where there is no established State church, gifts to procure masses to be said for the souls of the dead should be sustained as valid trusts ; and the bequest to the St. Joseph's Catholic Church was rightly enforced. 2 Perry on Trusts, 715 ; Beach on Wills, 129; *Gass and Bonta v. Wilhite*, 2 Dana (Ky.) 170 ; *Jackson v. Phillips*, 14 Allen, 555 ; *In re Shouler*, 134 Mass. 426 ; *In re Hagenmeyer*, 12 Abb. N. C. 432 : *Read et al. v. Hodgins*, 7 Irish Eq. 17; *Kehoe v. Kehoe*, 22 Amer. Law Reg. N. S., 656; *In re Seibert*, 18 Week. Note Cases, 276.

The bequest would not fail because of any inability on the part of the church, as taker, to perform the conditions annexed to the trust in accordance with the ritual of the church. There could, therefore, be no failure because of the inability of the donee to fully perform its duty according to the exact wishes of the testator. This court will judicially know that the money appropriated for the so-called purchase of masses, in reality is used and expended in the maintenance of the church and its priesthood, and is a source of revenue for the support of the church.—9 International Encyc. 566, Title "Mass" ; *Gilman v. McArdle*, 99 N. Y. 451.

HEAD, J.—The validity of the bequest brought to our view, in this case, must be upheld, if at all, upon one of three propositions, viz. :

1. That it is a direct bequest to the church for its general uses.

2. That it creates a charitable use.

3. That it creates a valid private trust.

First : The form of the bequest repels the idea that a gift to a church for its own general uses was intended.

The bequest is to the church, "to be used in solemn masses for the repose of my soul." Similar bequests have been many times before the courts, in England and this country, and in all the cases, so far as our research extends, they were treated as having the form and nature of the declaration of a use or trust, and not as direct gifts to, and for the general uses of, the church. An application of the fund to other uses than securing masses to be said for the repose of the donor's soul would contravene the intent and purpose of the testator. In England, by statute, as well as the general policy of the law, uses or trusts like this were denounced as superstitious, and held void accordingly. Under our political institutions which maintain and enforce absolute separation of Church and State, and the utmost freedom of religious thought and action, there is no place for the English doctrine of superstitious uses, and if such dispositions could be otherwise supported, under recognized rules of law, they would not be assailed here as giving effect to the religious superstitions of the donor. But the authorities, whether English or American, are potent to show that these bequests partake of the nature of trusts, and cannot be treated as gifts to the churches themselves.

Second : Charitable uses, whether arising out of the English statute of Charitable Uses, in force, in a qualified sense, in Alabama, or sustained upon the general principles of equity, (*Williams v. Pearson*, 38 Ala. 307), do not include dispositions of the kind in question. To constitute a charitable use it must confer a public benefit open to an indefinite number of persons.—3 Am. & Eng. Encyc. of Law, pp. 123, 126, 127, 130 ; 2 Perry on Trusts, (3d Ed.), §§ 693, 697, 710. In an extended note to the case of *Dashiell v. Attorney General,* 9 Am. Dec. 577, will be found a full discussion of the whole subject, collating the authorities. We need only to refer to what is there said. The bequest, in the present case, is, according to the religious belief of the testator, for the benefit alone of his own soul, and can not be upheld, as a public charity, without offending every principle of law by which such charities are supported.

Third : It is not valid as a private trust, for the want of a living beneficiary. A trust in form, with none to enjoy or enforce the use, is no trust. Argument is un-

[Yeend, Admr. v. Weeks *et al.*]

necessary to show that there is no imaginable being possessing power to enforce the use declared in this bequest. The executor can not do it, for he succeeds only to the property rights of the testator. His powers and functions do not, and can not, extend to the well being of the soul of his testator. As said by appellants' counsel, ''If the church should receive this bequest and apply it to paying its debts, repairing its building, supporting its priests and paying the expenses of their ceremonies, the purpose of the bequest would be clearly violated. But what living person is authorized to call the trustee to an account for the misuse of the fund?''

The authorities upon the several propositions discussed will be found in the briefs of counsel which will be reported.

Upon no principle are we able to sustain this bequest. The decree of the chancellor must be reversed and the cause remanded.

Reversed and remanded.

BRICKELL, C. J., dissenting.