# Crim, *et al. v.* Williamson, *et al.*

*Bill to Contest and Construe a Will.*

(Decided November 26, 1912.   Rehearing denied December 17, 1912.
60 South. 293.)

1. *Charities; Gift; Invalidity.*—The will considered and it is held void for indefiniteness as to the beneficiaries of the charity.

2. *Same; Drescription of Beneficiary.*—The cy pres doctrine not being recognized in Alabama it is essential to the validity of a charity devise that the object or beneficiary of the charity be so described as to be easily ascertained without requiring the court or the trustee to select the charity; it is not necessary, however, that the particular individuals who are to be benefitted be certified or named.

Dowdell, C. J., and Mayfield and Somerville, JJ., dissent.

APPEAL from Calhoun Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by H. L. Crim and others against H. F. Williamson and another to invalidate, or, in the alternative, to construe, a will.   Decree for respondents, and complainants appeal.   Reversed, rendered, and remanded.

The third item of the will is as follows: 'The residue of my property, consisting of whatever money I may have in bank at the date of my death, and the above described real estate, I give and bequeath to Anniston Lodge No. 443, Ancient Free and Accepted Masons, in trust for charitable purposes, as hereinafter set forth.

Said real estate must be kept intact, and not be sold, and known as the W. L. and Nancy M. Crim Real Estate Memorial. The charities to be dispensed by my trustees hereinafter named, representing my said estate, and the said Masonic lodge, charities to Masonic widows and orphans preferred; but my trustees, hereinafter appointed, are not restricted to such charities, but shall exercise a wise discretion in aiding worthy objects of charity. In the event Mallory Gothard should be living and can be found, I direct that he shall share in such distribution of charities as may be found necessary."

RIDDLE, ELLIS, RIDDLE & PRUITT, for appellant. The will was improperly attested.—10 Enc'y of Evi. 291; *Houston v. State,* 14 Ala. 15; *Chastain v. Porter,* 130 Ala. 413. The church and the lodge cannot take under the will.—*Gwinn v. Mt. Pilgrim Church,* 51 South. 947. It was not necessary therefore to make either one of them a party. The bequest to the church and the lodge was void.—64 Amer. St. Rep. 756 and cases cited; 14 L. R. A. 1. The cy pres doctrine is not recognized here. —*Williams v. Pearson,* 38 Ala. 299; *Universalists Convention v. May,* 41 South. 515; *Woodruff v. Hundley,* 147 Ala. 287; 17 Howard, 369; 147 N. Y. 104 and cases cited.

TATE & WALKER, for appellee. McGehee was a competent witness to attest the will.—Section 3963, Code 1907; *Mosser v. Mosser,* 32 Ala. 551; *Schieffelin v. Schieffelin,* 127 Ala. 36. Both the lodge and the church were competent to take, although not incorporated.— 19 Ala. 814; *Acme Church v. Price,* 42 Ala. 39; *Williams v. Pierson,* 38 Ala. 299. The objects of the charity may be left to the trustee.—6 Cyc. 907, 938; *Mayor, etc., of Huntsville v. Smith,* 137 Ala. 382; *Johnson v. Holifield,* 79 Ala. 424.

[Crim, et al v. Williamson, et al.]

DOWDELL, C. J.—The main object of the bill in this case is the contest of a will. The prayer of the bill is in the alternative and asks, in the event the will is held valid, for a construction of the same. But with this latter phase we are not concerned on the present appeal, which is taken from a decree on demurrers to the bill raising only the question of the validity of the will.

A copy of the will is made an exhibit to the bill.

The first proposition relates to the due execution of the will as to the attestation of the same, it being insisted that the will is invalid for the reason that one of the two attesting witnesses was incompetent to act as an attesting witness, and therefore the will was attested by only one witness.

The alleged disqualification consisted in the witness' having acted as the attorney of the testator in preparing and drawing up the will. This question has already been settled by this court, and adversely to the contention of the appellant; and it is no longer an open one in this state.—*Schieffelin v. Schieffelin,* 127 Ala. 14-36, 28 South. 687; *Mosser v. Mosser,* 32 Ala. 551.

Where the purpose and object of a bequest or devise is a charitable one, it is no objection that a perpetuity is created. In *Johnson v. Holifield,* 79 Ala. 423-424, 58 Am. Rep. 596, it was said by this court: "A private trust cannot be created, so as to operate the inalienability of property beyond the period prescribed by the rule. But gifts to charitable uses, being highly favored by the courts, and the public being regarded as concerned in upholding such trusts, will be sustained and carried into effect, though their duration may be perpetual."

A bequest for religious purposes, in a legal sense, comes within the doctrine applicable to charities. See

*Johnson v. Holifield, supra,* where this court cites and quotes approvingly what was said by Gray, J., in *Jackson v. Phillips,* 14 Allen (Mass.) 539: "A charity, in the legal sense, may be more fully defined as a gift, to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works, or otherwise lessening the burden of government." See, also, 6 Cyc. pp. 906, 907.

We think the bequest of one-fifth of the annual income of the certain real estate described, to the West Anniston Methodist Church to be paid over to the stewards of the church, sufficiently indicates that it is for religious purposes. Whether the said church is incorporated or not, in order to take, is immaterial.—*Carter et al. v. Balfour's Adm'r,* 19 Ala. 814; *Ala. Conference M. E. Church, South, v. Price, Ex'r, etc.,* 42 Ala. 39; *Williams v. Pearson,* 38 Ala. 299.

The will expressly declares that the gift to the Masonic Lodge is for charitable purposes. The testator preferentially designates the widows and orphans of Masons as the objects of his bounty; but he does not restrict the trustees to these, but authorizes the trustees, in the exercise of a wise discretion, to help other worthy objects of charity. The trustees are bound to select charitable objects; the discretion to be by them exercised is within this limit. The principles laid down in *Woodroof et al. v. Hundley,* 147 Ala. 290, 39 South. 907, support this proposition, and sustain the gift under the will in the present case. See, also, the case of *Mayor & Aldermen of City of Huntsville v. Smith,* 137 Ala. 382, 35 South. 120, where a gift to the city of Huntsville,

for the benefit of the public schools or for a city hospital, as the city authorities might elect, was upheld as a valid bequest.

As to the power of the chancery court over the trustees to compel a proper administration of the trust, there can be no question. If the trustees are unfaithful, it is in the power of the chancery court to remove them and appoint others in their stead.

We think the trust created is not so indefinite as to avoid the bequest, and that, the objects manifestly being of a charitable nature, it is not offensive to the rule against perpetuities.

Justices MAYFIELD and SOMERVILLE concur in the views of the writer. Justices ANDERSON, McCLELLAN, SAYRE, and DE GRAFFENRIED, constituting a majority of the court, hold that the bequest to the Masonic Lodge is void for uncertainty.

The decree of the chancellor sustaining the demurrer to this phase of the bill, which alleged the invalidity of said bequest, is erroneous and must be reversed; and a decree will be here rendered overruling the particular ground of demurrer mentioned.

ANDERSON, J.—The majority of the court are of the opinion that clause 3 of the will (which will be set out by the reporter) is void. While it expresses a preference for widows and orphans of Masons, it does not confine the bequest to this clause, but gives the trustees an unbridled discretion to devote the fund to "worthy objects of charity," thus vesting in them the sole power to determine who or what may be worthy objects of charity and without restriction or limitation as to individual, class, condition, or location.

In every state in the Union, including Alabama, where the cy pres doctrine is not recognized, it is the

[Crim, et al v. Williamson, et al.]

settled law that, although the particular individuals who are to benefit by the charity need not be specified, still the object of the charity must be named or described.   The want of a trustee will not defeat the charity, but the object of the charity must be ascertained, else the court would have to substitute its own selected charity or permit the trustee to select the charity and which the law does not authorize.—*Williams v. Pearson,* 38 Ala. 299; *Woodroof v. Hundley,* 147 Ala. 287, 39 South. 907; *Tilden v. Green,* 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. · Where the gift for a charitable use is so indefinite as to be incapable of being executed by a judicial decree, the gift is void.—*People v. Powers,* 147 N. Y. 104, 41 N. E. 432, 35 L. R. A. 502; *Pritchard v. Thompson,* 95 N. Y. 76, 47 Am. Rep. 9.   A devise "to disburse to such worthy objects and persons as she deems proper" was held void.—*Bristol v. Bristol,* 53 Conn. 242, 5 Atl. 687. Also a devise to trustees "to distribute in such manner as in their discretion may appear best."—*Oliffc v. Wells,* 130 Mass. 221; *Nichols v. Allen,* 130 Mass. 211, 39 Am. Rep. 445.   And a devise to an executor "for any and all benevolent purposes that he may see fit."—*Adye v. Smith,* 44 Conn. 60, 26 Am. Rep. 424.   As is also a bequest to be applied to charity "according to the best discretion of the trustee."—*Schmucker v. Reel,* 61 Mo. 592.

Reversed, rendered, and remanded.

ANDERSON, MCCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.   DOWDELL, C. J., and MAYFIELD and SOMERVILLE, JJ., dissent.