(88 South. 835)

## JOHNS et al. v. BIRMINGHAM TRUST & SAVINGS CO. et al. (6 Div. 178.)

(Supreme Court of Alabama. Feb. 3, 1921. Rehearing Denied April 21, 1921.)

1. **Charities ⬤⟿21(1)—Certainty as to individual whom benefit may reach not necessary.**

While it is essential to a valid trust that its objects be so designated or described that they may be definitely known or ascertained from the provisions of the instrument creating it, uncertainty as to the individual whom the benefit may reach will not defeat a gift in trust to charity.

2. **Charities ⬤⟿1—Public benefit open to indefinite number necessary.**

To continue a charitable use, a public benefit must be conferred, open to an indefinite number of persons.

3. **Charities ⬤⟿21(1)—Beneficiaries must be designated as a class, ascertainable with reasonable certainty.**

The beneficiaries of a public charity must be designated as a class, ascertainable with reasonable certainty, from which the trustee may be authorized to select the immediate persons or objects to receive the special benefits.

4. **Charities ⬤⟿21(2)—Charitable use held not so indefinite as to render trust void.**

Charitable use shown by a settlement, directing the trustee to select at the end of a year an organization which cares for, supports, and maintains and educates, when needed, orphan children, indigent persons; and needy old people, one, any, or all of them, in a certain county of the state, or which cares for and supports, when needed, indigent, injured, or helpless miners, their wives or children, any, one, or all of them, in the state, and to pay to it the income from the trust estate for the year, to be used for such purposes, one, any, or all of them, and to do this each year, selecting a different organization or continuing payment to the one previously selected, *held* not so indefinite as to render the trust void.

5. **Trusts ⬤⟿58—A settlement in trust held to create no vested interest, so that the parties could change it.**

A settlement executed by R. and L. creating a trust in favor of R. for life, with provision that on her death the trustee should transfer half of the trust property to L., if living, otherwise to his legal representatives, distributees, or legatees, created no vested interest in any one, so that R. and L. could by mutual agreement change it to provide for the payment to charity of the income after R.'s death.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Rose Johns Cannon filed a bill to annul two trust agreements, and made parties thereto the Birmingham Trust & Savings Company and A. W. Smith. Later the Birmingham Trust & Savings Company and A. W. Smith filed an answer and cross-bill, making Wallace C. Johns and others parties respondent, and seeking to construe the trust and fixing the duties and obligations of the trustees. The parties last brought in by the cross-bill demurred thereto, and from a decree overruling their demurrers they appeal. Affirmed.

The two trust agreements alluded to and construed in this opinion will be found fully set out in report of the case of Birmingham Trust & Savings Co. v. Cannon, 204 Ala. 336, 85 South. 768.

Lange & Simpson, Theo Lamar, and H. U. Sims, all of Birmingham, for appellants.

The conveyance in trust to the Birmingham Trust & Savings Company of July 4, 1906, being an executed trust, there was no authority to transfer the trust fund to Smith as trustee, since the trust could not be revoked without the consent of all the beneficiaries. 23 Ala. 219; 65 Ala. 111. The gift was a trust for a definite class. 65 Ala. 111; 142 Ala. 267, 39 South. 82; 19 Beavan, 338. The second trust, or December agreement, was void for uncertainty and could not be enforced in a court of equity, even if revocation of the July agreement was complete. 147 Ala. 455, 41 South. 515; 180 Ala. 179, 60 South. 293. The corporation should aver its charter power to act, unless the power involved is an incidental corporate power. 54 Ala. 73; 132 Ala. 292, 31 South. 462; 147 Ala. 389, 41 South. 292.

Tillman, Bradley & Baldwin and A. Key Foster, all of Birmingham, for appellees.

See, generally, 194 Ala. 469, 69 South. 934; 204 Ala. 336, 85 South. 768. The trust of July 4, 1908, was revoked by the agreement of December, 1911, said revocation having been consented to by all the necessary parties. 13 Johns. (N. Y.) 33; 98 Wis. 445, 74 N. W. 217; 92 U. S. 724, 23 L. Ed. 767; 50 N. W. 603; 71 Ill. 91, 22 Am. Rep. 85; 8 Leigh. 271, 31 Am. Dec. 642; 121 Iowa, 201, 96 N. W. 860. The whole instrument declaring the trust must be considered in determining the nature and object of the trust. 178 Ala. 117, 59 South. 58; 196 Ala. 224, 72 South. 81; 199 Ala. 491, 74 South. 952; 29 Cyc. 194. As to the distinction between a vested remainder and a continuing remainder, see the following: Section 1826, Code 1887; 109 Ala. 528, 20 South. 370; 213 Pa. 390, 62 Atl. 1103, 3 L. R. A. (N. S.) 639, 5

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ann. Cas. 427; 143 Ill. 61, 32 N. E. 369, 18 L. R. A. 381; 246 Ill. 109, 92 N. E. 592; 4 Words and Phrases, Second Series, 1159; Tiffany on Real Property, § 120. In this case the remainderman has merely a contingent interest. 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; 115 Ill. 623, 5 N. E. 126. Story's Equity Pleading, 141, 145, 150; 2 Perry on Trusts, § 215. The gift was a gift to Rose Cannon, and not to a class. 109 Ala. 528, 20 South. 370; 199 Ala. 491, 74 South. 952; (C. C.) 132 Fed. 501. The legal representatives of Johns, not being beneficiaries under the July agreement, were not necessary parties to the revocation of the July agreement. Authorities supra. The December trust is a charitable trust and is valid. 180 Ala. 179, 60 South. 293; 114 Cal. 635, 46 Pac. 742, 34 L. R. A. 269; 19 R. I. 73, 31 Atl. 824, 28 L. R. A. 510; 87 Tenn. 668, 11 S. W. 825, 4 L. R. A. 699; 112 N. Y. 299, 19 N. E. 839, 3 L. R. A. 148; 45 N. J. Eq. 757, 18 Atl. 881, 6 L. R. A. 511, 14 Am. St. Rep. 754; 218 Pa. 162, 67 Atl. 49, 12 L. R. A. (N. S.) 1177; 203 Mo. 418, 101 S. W. 59, 14 L. R. A. (N. S.) 85; 234 Mo. 117, 136 S. W. 415, 37 L. R. A. (N. S.) 993, Ann. Cas. 1912D, 50; 5 R. C. L. 89; 11 C. J. 301; 3 Perry on Trusts, 1160.

SAYRE, J. The report of this cause on a former appeal (Birmingham Trust & Savings Co. v. Cannon, 204 Ala. 336, 85 South. 768) shows the pleadings prior to the cross-bill filed by the Birmingham Trust & Savings Company and Arthur W. Smith, which first brought in appellants as parties defendant. The new parties thus brought in, next of kin and distributees, children and grandchildren of L. W. Johns, deceased, demurred to the cross-bill, and, their demurrer being overruled by the trial court, prosecute this appeal.

One effect of the decree in the trial court was to assert the proposition that on the facts shown in the pleading appellants, who are the children and grandchildren of L. W. Johns by a prior marriage—two of them, the Ramseurs, representing the interest of their deceased mother, a daughter of L. W. Johns—have no reversionary interest in the trust fund in controversy after the beneficial life estate of Rose Johns, widow of the deceased, now by a second marriage Rose Johns Cannon, shall have fallen in, and of this appellants complain.

It is urged that the charitable use shown by the settlement of December, 1911, is so indefinite as to be incapable of execution by judicial decree and hence void. We quote the language of so much of the settlement as purports to designate the use to which the trust fund in question shall be devoted:

"At the end of the first year of this trust, or within a reasonable time thereafter, said Birmingham Trust & Savings Company [trustee named in the agreement] shall select an association, organization, society, or corporation, then existing and maintaining an institution in Jefferson county, Ala., which cares for, supports, and maintains and educates, where needed, orphan children, indigent persons, and needy old people, one, any, or all of them, or which cares for and supports, when needed, indigent, injured, or helpless miners, their wives or children, any, one, or all of them, in the state of Alabama, and shall pay to the association, organization, society, or corporation so selected by it the income derived each year from the trust estate, upon the conditions, limitations, and directions contained, and for the purposes herein declared, the said sum so received to be used solely for the care, support, maintenance, and education, where needed, of orphan children, indigent persons, and needy old people, one, any, or all of them, in Jefferson county, Ala., or for the care and support of any needy, indigent, injured, or helpless miners, their wives or children, any or all of them, in the state of Alabama. The said Birmingham Trust & Savings Company, as said trustee, shall have the right to change the beneficiary so selected by it as above directed at the end of any year, but the same beneficiary may be selected from year to year, and a beneficiary, when once selected, shall remain as such beneficiary until another is selected and designated in its place by said trustee; provided that always the beneficiary shall be an association, organization, society, or corporation caring for, supporting, and maintaining and educating, when needed, orphan children, indigent persons, and needy old people, one, any, or all of them, in Jefferson county, Ala., or caring for and supporting, when needed, indigent, injured, or helpless miners, their wives or children, one, any, or all of them, in the state of Alabama. The purpose herein being that only one such association, organization, society, or corporation shall be a beneficiary under this trust for any one year, and that the said association, organization, society, or corporation must be for the care, support, maintenance, and education, where needed, of orphan children, indigent persons, and needy old people, one, any, or all of them, in Jefferson county, Ala., or for the care and support, when needed, of indigent, injured, or helpless miners, their wives or children, any, one, or all of them, in the state of Alabama."

[1-4] It is commonly and correctly held that it is essential to the constitution of a valid trust that its objects be so designated or described that they may be definitely known or ascertained from the provisions of the instrument purporting to create it. But uncertainty as to the individual whom the benefit may reach will not defeat a gift to charity—that character of uncertainty is one thing that distinguishes a public from a private trust. Jackson v. Phillips, 14 Allen (Mass.) 539, quoted in Johnson v. Holifield, 79 Ala. 423, 58 Am. Rep. 596. To constitute a charitable use, it must confer a public benefit, open to an indefinite number of persons. Festorazzi v. St. Joseph's Church, 104 Ala. 327, 18 South. 394, 25 L. R. A. 360, 53 Am. St. Rep. 48. But the general doctrine

is that the beneficiaries of a public charity must be designated as a class, ascertainable with reasonable certainty, from which the trustee may be authorized to select the immediate persons or objects to receive the special benefits. 5 R. C. L. p. 343, § 76; Hadley v. Forsee, 203 Mo. 418, 101 S. W. 59, 14 L. R. A. (N. S.) 49, note, p. 116. And this court, by way of illustration, has said that a gift to the poor of a given county or parish, or the clergymen of a particular denomination having charge of churches within a specified district, will be upheld in a court of equity. Williams v. Pearson, 38 Ala. 299. And it has been repeatedly held that a charitable trust will not fail on account of any uncertainty as to the ultimate beneficiaries, within a properly designated class, if there is a competent trustee to make a selection and thereby render certain the beneficiaries who' are to enjoy the bounty provided by the trust. 5 R. C. L. p. 347, § 82; Hadley v. Forsee, supra, 203 Mo. 418, 101 S. W. 59, 14 L. R. A. (N. S.) 117. Recurring now to the provisions of this trust, we are constrained to hold that it should be upheld. This conclusion in no wise depends upon the cy pres doctrine, which does not obtain in this state. Nor do we think it should be affected by the decision in Crim v. Williamson, 180 Ala. 179, 60 South. 293. That was an obviously different case.

[5] The conclusion noted above brings us to the other question litigated in this cause. The trust settlement heretofore considered undertook to annul and supersede a prior settlement, of date July 4, 1908, executed by the same parties and dealing with the same fund, which at that time was invested in the stock of the American Cities Railway & Light Company. That settlement created a trust in favor of the original complainant, Rose Johns, for her natural life, with provision over as follows: Upon the death of Rose Johns, the trustee should transfer one-half of the trust property to L. W. Johns, if living—he is now dead, as has appeared —"otherwise, to his legal representatives, distributees, or legatees." Appellants contend that by this settlement they took a vested estate in remainder in the property, which it was beyond the power of the parties to the settlement to change without their consent. The language quoted above, in our judgment, means nothing more than that, in the absence of a bequest to legatees, the trust property should, at the death of the beneficiary for life, revert to his personal representative or to his distributees appointed by the law subsisting at that time, in other words, to the settlor's estate; and, such being the meaning of the terms—which, indeed, were superfluous, since they purported to do no more than the law would do without them—they, of course, created no vested interests in anybody. The cases cited by

appellants (Goldney v. Crabb, 19 Beavan, 338; Robinson v. Le Grand, 65 Ala. 111; Edwards v. Edwards, 142 Ala. 267, 39 South. 82) have had attentive consideration. They hold nothing to the contrary of what has been said, as will be seen by consulting May v. Ritchie, 65 Ala. 602, and Wilson v. Alston, 122 Ala. 630, 25 South. 225, in reference to the usual connotation of the terms used. It follows that the immediate parties to the settlement of July, 1908, were free by mutual agreement at any time to change the same, and that it constitutes no obstacle in the way of the competent execution and free operation of the agreement of December, 1911. The trial court ruled in accordance with the views herein expressed, and its decree must be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.