## UNITED STATES v. FIRST NAT. BANK OF BIRMINGHAM.
### No. 7411.

Circuit Court of Appeals, Fifth Circuit.
Dec. 18, 1934.

Lucius A. Buck and Sewall Key, Sp. Assts. to the Atty. Gen., Frank J. Wideman, Asst. Atty. Gen., and Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Borden Burr and William S. Pritchard, both of Birmingham, Ala., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellee, suing as executor of the will of H. G. Woodward, deceased (who died on November 30, 1930), to recover the amount, $43,996.40, with interest thereon, of a deficiency assessment made against the estate of the testator, which amount, including interest thereon to the date of payment, was paid by the appellee under protest. The action was brought after the disallowance of a duly filed claim for a refund of the amount so paid. The deficiency assessment was a result of adding to the gross income shown in the taxpayer's return for the year 1929 the amount, $212,868.10, of net income from rents of certain real estate for the period beginning January 1, 1929, and ending September 30, 1929, and deducting from the taxpayer's reported gross income for 1929 an amount for depreciation of buildings for the period beginning January 1, 1929, and ending September 30, 1929. The judgment or decree rendered, after adjudging that the rents from said real estate during the above-mentioned period were not received by the taxpayer, and that he was not entitled to the above-mentioned deduction from his gross income for the year 1929, awarded to the appellee the sum of $41,268.-05, with interest thereon from the date of the above-mentioned payment by the appellee, and the costs.

By an instrument executed by the taxpayer on May 5, 1928, he contributed, gave, and granted to the Alabama Educational Foundation, an educational corporation organized and existing under the laws of the state of Alabama, "for the term of one year, beginning with the first day of October, 1928, and ending with the 30th day of September, 1929," the above referred to real estate. The habendum clause of that instrument follows:

"To Have and To Hold unto the said Alabama Educational Foundation, its successors and assigns, in trust for the uses and purposes hereinafter represented, for the term of one year, until and including the 30th day of September, 1929, when the estate in said real property hereby given and granted ends and determines; but this gift and grant is made, and said estate for said years in said real property is hereby created to be held in trust upon the following conditions:

"First: The net income, rents and returns thereof and therefrom shall be used exclusively for educational purposes in the State of Alabama, other than for schools owned or controlled by any religious sect or denomination; and

"Second: No part of such net income and earnings shall enure to the benefit of any private stockholder or individual."

By similar instruments, respectively, executed in May, 1925, in September, 1927, and in December, 1927, the testator had conveyed to the same grantee described real estate for periods specified in those instruments, respectively. By a similar instrument executed on June 7, 1929, the testator conveyed described real estate to the same grantee for a term of three years beginning with the 1st day of Oc-

tober, 1929, and ending with the 30th day of September, 1932. Findings of fact made by the court included findings to the effect that the grantee in the first and last above mentioned instruments took possession of the property described therein, and remained in possession and control of said property, enjoying the use and occupation thereof continuously during the periods of time mentioned in said two instruments, and that the testator did not use, occupy, or enjoy any of the fruits or benefits of said property during any of the periods described in said two instruments. The Alabama Educational Foundation was incorporated under the laws of Alabama in May, 1925, "as an educational corporation organized and to be operated exclusively for educational purposes, no part of the net earnings of which shall enure to the benefit of any private stockholder or individual." The charter of the corporation provided that the duration of it shall be perpetual, and contained the following: "Object and Purposes. The corporation is organized and shall be operated exclusively for educational purposes, no part of the net earnings of which shall enure to the benefit of any private stockholder or individual; and, for such educational purposes, may acquire, hold and invest any kind of property, fund or/and estate in trust; or/and may, in trust, acquire, hold and invest any kind of property, fund or/and estate, which is to be used exclusively for educational purposes."

■ A principal contention urged in behalf of the appellant is that the provision of section 166 of the Revenue Act of 1928 (45 Stat. 840, 26 USCA § 2166) required the income during the period from January 1, 1929, to September 30, 1929, from the real estate described in the above first mentioned instrument to be included in the taxpayer's gross income for the year 1929. That provision reads as follows: "Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor." In behalf of the appellee, it was contended that the instrument in question did not create a trust, as that instrument conveyed the described real estate for the stated term to the grantee therein for its use for the sole purpose for which it was chartered, with the result of vesting in the grantee both the legal and beneficial interest in the granted property. Des Moines Terminal Co. v. Des Moines Union R. Co. (D. C.) 52 F. (2d) 605, affirmed 52 F.(2d) 616, 633. For the purposes of this case it may be assumed, without being decided, that a trust was created by that instrument. It was not such a trust as is described in the above set out provision of the statute, as the grantor did not have, at any time during the taxable year 1929, or at any other time, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust. By that instrument the entire property rights in the described real estate for the period stated were irrevocably vested in the grantee. The estate granted being one limited to endure for a definite and ascertained period, fixed in advance, is what is known as an estate for years. Hyatt v. Vincennes Nat. Bank, 113 U. S. 408, 5 S. Ct. 573, 28 L. Ed. 1009; 35 C. J. 970; 10 R. C. L. 662. The corpus of the trust was the granted estate in the described property for the stated period. The income from that property during that period was the grantee's income, not the grantor's income, as it was subject to the unfettered command of the grantee, not subject to any power over it exercisable by the grantor; the source of it being a property interest or estate irrevocably vested in the grantee. Hoeper v. Tax Commission, 284 U. S. 206, 52 S. Ct. 120, 76 L. Ed. 248; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916; Poe v. Seaborn, 282 U. S. 101, 116, 51 S. Ct. 58, 75 L. Ed. 239; Langley v. Commissioner (C. C. A.) 61 F.(2d) 796; Bing v. Bowers (D. C.) 22 F.(2d) 450. The income in question was not taxable against appellee's testator because he did not own that income, or have any beneficial interest therein when it accrued, and did not have the power, either alone or in conjunction with any person not a beneficiary of the trust, to revest in himself the title to the property interest or estate which was the source of that income. The thing granted being the estate or property interest which produced the income in question, not future income earned by the grantor or settlor or produced by property which he continued to own, rulings such as those made in the cases of Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731, and Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665, are not applicable.

■ The evidence does not justify the contention of counsel for the appellant to the ef-

feet that the above-mentioned instruments executed by the taxpayer did not really have the effect imported by their terms, but that, in fact, the taxpayer had and exercised the power to possess and use for his own purposes the net income produced by the described properties during the periods stated in those instruments, respectively. Each of those instruments was duly delivered, and from the time of such delivery was kept in a safety deposit box, to which no one except the grantee's secretary-treasurer had access. The grantee, being duly organized and officered, took possession of the properties described in the several instruments, and was in the possession and control thereof throughout the several periods stated in those instruments, respectively, and throughout those periods an agent, who was employed by the grantee following the making of the first dated of those instruments, had charge of the building or buildings on the described land, made all rental contracts, collected all rents, paid all expenses, made statements to the grantee showing collections and expenses, and remitted to the grantee's treasurer the net income derived from the described properties. The only evidence as to any of that income coming into the possession or under the control of the taxpayer was as to loans made to him at the direction of the grantee's trustees, for the amounts of which the taxpayer gave his interest bearing demand notes, payable to the grantee or its order, some of those notes bearing interest at the rate of 6 per cent. per annum, the other notes bearing 5½ per cent. interest. In making those loans, the grantee exercised its charter power to invest its funds. Uncontradicted evidence showed that the taxpayer's financial condition was such as to make those notes good for the amounts thereof, and that during all the time those loans were being made the grantee was indebted to the taxpayer in an amount much larger than the amount he owed to the grantee. By no one of those instruments did the settlor, the taxpayer, reserve to himself possession or command of the corpus conveyed thereby or of any of the income derived therefrom, and no evidence tended to prove that in fact he had or exercised such control during the periods named in those instruments, respectively.

Counsel for the appellant challenged the validity of the trust created by the first above mentioned instrument on the grounds: (1) That in the discretion of the trustees any portion of the net income from the granted property could lawfully be applied to noncharitable purposes; and (2) that the trust is too vague, indefinite, and uncertain in reference to its purposes for the trustees to execute the same, and the trust must fail for lack of certainty as to beneficiaries. In support of the first mentioned ground it was suggested that the trustee had the power to donate all or any part of the net income to private educational institutions conducted for profit. That that suggestion is unwarranted appears from the provisions of the trust instrument that the income of the described property shall be "used exclusively for educational purposes in the State of Alabama," and "no part of such net income and earnings shall enure to the benefit of any private stockholder or individual," and the provision of the grantee's charter to the effect that no part of its net earnings "shall enure to the benefit of any private stockholder or individual." The trust created was not lacking in requisite certainty or definiteness. It is well settled in Alabama that "a charitable trust will not fail on account of any uncertainty as to the ultimate beneficiaries, within a properly designated class, if there is a competent trustee to make a selection and thereby render certain the beneficiaries who are to enjoy the bounty provided by the trust." Johns v. Birmingham Trust & Savings Co., 205 Ala. 535, 88 So. 835, 836; Tarver v. Weaver, 221 Ala. 663, 130 So. 209. The taxpayer could not, by reason of the invalidity of the trust, revest in himself the granted property or the whole or any part of the income therefrom during the stated term.

The decree under review was not erroneous. That decree is affirmed.