40 So.2d 85

### STARIHA v. HAGOOD et al.

### 6 Div. 787.

Supreme Court of Alabama.
April 14, 1949.

L. C. Albright, of Birmingham, for appellant.

J. L. Busby and Earl McBee, both of Birmingham, for appellees.

162

SIMPSON, Justice.

Emma F. Connolly, widow of a deceased member of a labor union affiliated with the American Federation of Labor, died in March, 1942, leaving a last will and testament devising and bequeathing an estate of approximately $14,000 to a voluntary unincorporated association designated as "Southern Workers School Foundation." She was one of the founders and a continuing member of this association, which was organized in 1936, and which, according to its constitution, had as its primary purpose the accumulation of funds "to provide a school in Birmingham, Alabama, where workers may acquire a fuller knowledge and clearer understanding of their position in the industrial World, its economic and political bearing on their lives." The constitution further provided that if the school project could not be established, then "First: Funds shall be used as scholarships for Workers who have the capacity and the desire to attend Workers School in other States. Second: All funds shall be turned over to the Socialist Party of the United States to be used for Educational Purposes in the State of Alabama." The signers of the constitution were to be the trustees of the Foundation and also provision was made for the election of officers to accomplish the associate objects. These officers were

duly elected and, except testatrix, the trustees (who are also the officers) are the complaining parties who brought this suit.

The will of testatrix was duly probated and the property thus devised to the Foundation was converted into cash, aggregating a little over $14,000, and turned over by the executor of the will to the trustees of the Foundation. It having been determined by the trustees that, due to the insufficiency of funds on hand, it was impossible to carry out the primary object of the association, they filed the bill for instructions as to the manner of proceeding to carry out the alternative provisions contemplated by the constitution, and made the Socialist Party of the United States and the appellant, who is the only heir and next of kin of the testatrix, party defendants in order to determine all the rights of the parties under the will.

The real issue to be here resolved is raised by the appellant, who contends that there is no such entity as the Southern Workers School Foundation and if so, it had been dissolved by cesser of associate objects or abandonment, and that, therefore, the legacy declared in the will had lapsed and that she, as the only next of kin of the testatrix, is entitled to the trust funds. The conclusion of the trial court was adverse to this contention and we entertain the same view.

■ Appellee plausibly argues that because of noncompliance with Supreme Court Rule 10, Code 1940, Tit. 7 Appendix, the assignments of error have been waived and should not be considered, but we are not inclined to apply this rule with severity in the instant case. The case is simple and the finding below on the question at issue was so manifestly sound that only a brief discussion is necessary. We will, however, invoke the rule to the extent of confining discussion to this one proposition.

■ As observed, we must reject the contention of appellant that the Southern Workers School Foundation was and is nonexistent or has been abandoned by nonuser. True, its constitution is no model of legal craftsmanship, but its signatories constituted all the members, so far, of the

association and the document is a clear charter by which the trustees, under the guidance of the court, may carry on its associate objects and execute the duties of the trust. 7 C.J.S., Associations, § 1, page 19, § 3, pages 24-25. Rather than the Foundation having ceased and its declared purpose having been abandoned, it is clearly proven that the appellees and the testatrix, a prime actor in its establishment, were concerned throughout with the continuation of the association and the fruition of its objects and exhibited a continuing purpose to carry it on, which the remaining founders have done. As to its current existence, it is made clear that, rather than the association being functus, the trustees have continued their meetings to determine a course of action to promote its objects. The court's decree, as well as the pertinent provisions of Mrs. Connolly's will and the Foundation's constitution, are reported and (confining consideration to question here considered) the directions given the trustees seem to be harmonious to the wishes of the testatrix, when read in connection with the constitution of the association, and are consonant with well-established legal principles.

■ The evidence was heard before the court ore tenus and his conclusion thereon has the force and effect of a jury, was not against the great weight of the evidence on the issue considered, and will not be here disturbed. 2 Alabama Digest, Appeal and Error, ☞1009(1); Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Cook v. Taylor, 235 Ala. 63(1), 177 So. 344.

■ It is to be noticed that since the decree of the court committed the Foundation to the use of the funds in accordance with the terms of its constitution, neither the doctrine of cy pres (§ 145, Title 47, Code 1940) nor of equitable deviation, Thurlow v. Berry, 249 Ala. 597, 598(5), 32 So.2d 526, need be considered.

In view of the nature of the bequest, however, some pertinent principles should be mentioned.

■■ The gift to the Foundation was in a legal sense charitable and is controlled by the doctrine applicable to charities. Crim v. Williamson, 180 Ala. 179, 182, 60 So. 293; Thurlow v. Berry, 247 Ala. 631, 636(6), 25 So.2d 726. And the provisions of the will in this respect in effect settled a charitable trust on the Foundation to use the funds bequeathed in the accomplishment of its objects. The fact, therefore, that the Foundation is an unincorporated society or association in no way affects the bequest or the power of the Foundation, as trustee, to administer the trust. Carter v. Balfour's Adm'r, 19 Ala. 814; Tarver v. Weaver, 221 Ala. 663(7) and cases cited at page 666, 130 So. 209.

■ Nor will the court invalidate the gift or avoid the enforcement of the trust because the uses to which it is to be devoted might seem fanciful. The intention of the settlor is the law of the trust and if the nature, subject matter and objects are reasonably ascertainable and the scheme not inconsistent with some established rule of law or public policy, that intention must control and the courts will sustain and give it effect. Thurlow v. Berry, 249 Ala. 597, 32 So.2d 526; Hodge v. Joy, 207 Ala. 198 (17), 92 So. 171.

■ The operation of such a school for the education of workers or the providing of scholarships for their education, in line with the ideas set forth in the Foundation's constitution, is a legitimate purpose, Alabama State Federation of Labor v. McAdory, 246 Ala. 1, 18 So.2d 810; Hotel & Restaurant Employees, International Alliance et al. v. Greenwood et al., 249 Ala. 265, 30 So.2d 696; the class of beneficiaries of the trust is reasonably ascertainable whereby the trustees may select the immediate persons or objects of the trust benefits, Johns v. Birmingham Trust & Savings Co., 205 Ala. 535, 88 So. 835; Henderson v. Henderson, 210 Ala. 73, 97 So. 353, and being for a legitimate purpose, the trust is entitled to the aid of equity in its direction and enforcement. The two Thurlow cases, supra; Hodge v. Joy, supra; Woodroof v. Hundley, 147 Ala. 287, 39 So. 907.

Accordingly, the legacy bequeathed to the Foundation is in force and must be upheld.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.